NOT FOR PUBLICATION

RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAY 11 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Ralph DENTE and Maria DENTE

    Plaintiffs,

    v.

SAXON MORTGAGE and GMAC
MORTGAGE,

    Defendants.

Civil No. 11-6933 (AET)

**MEMORANDUM ORDER**

THOMPSON, U.S.D.J.

## I.    INTRODUCTION

This matter comes before the Court upon Defendant Saxon Mortgage Services Inc.'s ("Saxon Mortgage") Motion to Dismiss [docket #5]. Defendant GMAC Mortgage, LLC ("GMAC Mortgage") has joined the Motion [10]. Plaintiffs Ralph and Maria Dente (collectively, "Plaintiffs") oppose this motion [15] and have filed a Cross-Motion to Amend and Correct the Complaint and to Remand for Lack of Federal Subject Matter Jurisdiction [16]. Only Defendant GMAC Mortgage has filed opposition papers to Plaintiffs' Cross-Motion [19]. The Court has decided these motions after taking into consideration the parties' submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiffs' Motion to Amend and Correct the Complaint and to Remand will be granted. Defendants' motions consequently will be dismissed as moot.

## II.   BACKGROUND

This matter arises from a dispute regarding Plaintiffs' eligibility for a loan modification under the Making Homes Affordable Program (HAMP). On or about July 25, 2005, Plaintiffs obtained a $480,000.00 home loan under certain terms and conditions (hereinafter referred to as "the Note") from American Money Center, Inc., which was serviced by Defendant GMAC Mortgage. *See* (Am. Compl. ¶1). The loan was secured by a mortgage (the "Mortgage") on the property known as 22 Daniel Place, Township of Old Bridge, in Middlesex County, New Jersey (the "Property"). (*Id.*)

Plaintiffs defaulted under the terms of the Note and Mortgage by failing to make payments due thereunder. As a result, Plaintiffs expressed interest in being considered for a loan modification program. On October 21, 2009, GMAC Mortgage sent Plaintiffs a letter indicating that they were approved for an alternative loan modification agreement whereby Plaintiffs would pay $3,210.49 monthly to GMAC Mortgage, which would be credited towards the Mortgage on the Property. (*Id.* ¶ 6). Plaintiffs made the first payment to GMAC Mortgage under this alternative loan modification program, but the payment was returned and not accepted by Defendants. (*Id.* ¶ 8). According to Plaintiffs, at some point the servicing of the loan was allegedly assigned by GMAC Mortgage to Saxon Mortgage. (*Id.* ¶ 9). After this assignment, Defendants refused to abide by the alternative loan modification agreement between Plaintiffs and GMAC Mortgage. (*Id.* ¶ 10). On December 30, 2010, Defendants sent Plaintiffs a letter stating that they were not eligible for the HAMP Trial Modification because Defendants were unable to create an affordable payment equal to 31 % of their monthly gross income without changing the terms of the loan beyond the requirements of the HAMP program. (*Id.* ¶ 11). Plaintiffs also allege that on May 29, 2011, a representative of Saxon Mortgage advised Plaintiffs

that they would not even be considered for a loan modification under HAMP unless they made a down payment of $25,000, despite the fact that they were eligible for HAMP without such a down payment. (*Id.* ¶ 15). Despite efforts over the period of March 2011 to September 2011, the Defendants did not approve Plaintiffs for enrollment in a loan modification program. (*Id.* ¶ 19).

On October 18, 2011, Plaintiffs filed a complaint in the Superior Court of New Jersey, Chancery/Equity Division, Middlesex County ("Superior Court"), alleging: (1) unlawful denial of a modification under HAMP; (2) fraud/fraudulent inducement; (3) negligence; (4) negligent misrepresentation; (5) a violation of the New Jersey Consumer Fraud Act ("CFA"); (6) a violation of the Real Estate Settlement Procedures Act (RESPA); and (7) unjust enrichment.

On November 28, 2011, Saxon Mortgage filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331 and 1441(b). Subsequently, Saxon Mortgage filed a Motion to Dismiss, which GMAC Mortgage later joined. Plaintiffs opposed Defendants' motion and subsequently moved to amend their complaint in order to withdraw their claims that arise under RESPA and other federal laws and to remand this action to the Superior Court. Although the parties attempted to settle their claims [22], ultimately this matter was returned to active status, and consequently, their motions were deemed re-filed [23].

III.    LEGAL STANDARD

a.  Leave to Amend

It has been the accepted and encouraged policy that courts should liberally grant leave to amend pleadings when justice so requires. *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Dole v. Arco Chem. Co.,* 921 F.2d 484 (3d Cir. 1990). The

3

determination of a motion to amend falls within the discretion of the trial court and is guided by Fed. R. Civ. P. 15(a). *See Foman,* 371 U.S. at 182.

When the movant's request to amend is "a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Therefore, before dismissing a complaint under Rule 12(b)(6), "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). An amended complaint is "futile" if it would still fail to state a claim for relief under the Rule 12(b)(6) standard. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

In applying Rule 15(a), the United States Court of Appeals for the Third Circuit regards the possibility of prejudice to the non-moving party as the "touchstone for the denial of the amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cronell & Co. v. Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). The non-moving party, however, has a heavier burden than merely claiming prejudice; it must show that an unfair disadvantage or deprivation will result by allowing the amendment. *See Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the V.I., Inc.,* 663 F.2d 419, 426 (3d Cir. 1981).

"Prejudice," for purposes of determining whether to allow the proposed amendments, involves serious impairment of the non-movant's ability to present its case. *Id.*; *see also Harter v. GAF Corp.,* 150 F.R.D. 502, 509 (D.N.J. 1993). Incidental prejudice to the non-moving party is not a sufficient basis for denial of an amendment; prejudice becomes "undue" only when the non-moving party shows that it would be unfairly disadvantaged or deprived of the opportunity

4

to present facts or evidence that it would have offered. *Heyl & Patterson Int'l, Inc.*, 663 F.2d at 426; *DiLoreto v. Borough of Oaklyn,* 744 F. Supp. 610, 615 (D.N.J. 1990).

>    b.   Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a two-part analysis. First, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court, however, may disregard any legal conclusions proffered in the complaint. *Id.* Once the well-pleaded facts have been identified, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

>    IV.   ANALYSIS

There is a long-established policy in the federal courts that freely permits parties to amend pleadings absent prejudice to another party. Defendant GMAC Mortgage proffers two reasons why leave should not be freely given in this case.

First, Defendant GMAC Mortgage contends that Plaintiffs' attempt to withdraw their federal claims from the complaint in an effort to defeat removal is futile. Defendant notes that

even if Plaintiffs successfully withdrew their federal claims, this would not defeat the Court's jurisdiction. Here, the Court agrees with GMAC Mortgage that removal was proper and that the Court could continue to exercise its jurisdiction of the remaining claims. A federal district court maintains "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. A party's right to remove a civil action is "determined according to the plaintiff's pleading at the time of the petition for the removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Consequently, "a subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." *Seawright v. Greenberg*, 233 F. App'x 145, 148 (3d Cir. 2007). Plaintiffs' underlying motivations, however, do not counsel against granting leave to amend the pleadings unless it will result in undue prejudice. *See, e.g., Lorenz*, 1 F.3d at 1414 (quoting *Cronell & Co., Inc.*, 573 F.2d at 823) (Prejudice is the "touchstone for the denial of the amendment."). Notably, at no point have Defendants argued that they will be prejudiced by the filing of the Amended Complaint. Nor does the Court see a possibility that Defendants will be unable to properly present their case or that they will be foreclosed from advancing certain arguments as a result of permitting Plaintiffs to amend their complaint.

Second, GMAC Mortgage argues that the Complaint, as filed, fails to state a claim against GMAC Mortgage. GMAC Mortgage essentially contends that: (1) each of the claims asserted in the original Complaint filed by Plaintiffs is predicated on the assertion that there was a violation of the federal Home Affordable Modification Program and because no private right of action exists under HAMP, the Complaint should be dismissed; and (2) the only alleged misrepresentation identified in the Complaint is attributed to Saxon Mortgage, not GMAC Mortgage, and therefore no proper claim has been asserted against GMAC Mortgage.

The Court agrees with Defendants that no private right of action exists under HAMP. Taking all of well-pleaded facts alleged as true, *see Fowler*, 578 F.3d at 210–11, however, the Court is not convinced that a finding that there is no private right of action under HAMP is fatal to the Amended Complaint. In the Amended Complaint, Plaintiffs have alleged that: (1) Defendant GMAC Mortgage indicated that Plaintiffs were approved for an alternative loan modification agreement, that Plaintiffs relied on that promise, and that Plaintiffs attempted to make payments pursuant to that agreement and that soon thereafter Defendants refused to abide by the alternative loan modification agreement; and (2) Defendants made material misrepresentations concerning their eligibility for HAMP. These facts taken together seemingly give rise to a plausible argument that Defendants may be liable on the various state-law claims asserted.

Having held that amendment would not be futile to Plaintiffs' complaint, and noting that no federal claims are currently before the Court, the Court must now consider whether to continue to exercise jurisdiction over the remaining state-law claims asserted in this case. The supplemental jurisdiction statute states that district courts "shall have" jurisdiction over the non-federal claims forming part of the same case or controversy, which they "may decline to exercise" under certain circumstances. *See* 28 U.S.C. § 1367(c). After reviewing the pleadings, it is clear that Plaintiffs' state law causes of action predominate over the remaining counts in the Amended Complaint. Moreover, because Plaintiffs' case implicates unsettled areas of state law, the Court finds that state review of this case will better accommodate the values of economy, convenience, fairness, and comity than will a perhaps premature dismissal of the case by a federal court. Consequently, the Court will remand this case to its original forum.

V.     CONCLUSION

For the reasons stated above, it is on this __11th__ day of May, 2012,

ORDERED that Plaintiffs Ralph and Maria Dente's Cross-Motion to Amend and Correct

the Complaint and to Remand for Lack of Federal Subject Matter Jurisdiction [16] is

GRANTED; and it is

ORDERED that Defendant Saxon Mortgage Services Inc.'s Motion to Dismiss [5] is

DISMISSED AS MOOT; and it is

ORDERED that Defendant GMAC Mortgage, LLC 's Motion to Dismiss [10] is

DISMISSED AS MOOT; and it is

ORDERED that this case is REMANDED to the Superior Court of New Jersey,

Chancery/Equity Division, Middlesex County.


_Anne E. Thompson_

ANNE E. THOMPSON, U.S.D.J.